# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ERNEST HINES,                          )
                                       )
     Petitioner,               )
                                       )
  vs.                                 )   Case No.   13-0292-CV-W-DW-P
                                       )
DOUG PRUDDEN,                          )
                                       )
     Respondent.               )

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

       Petitioner, a convicted state prisoner currently confined at the Boonville Correctional Center in Boonville, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 convictions and sentences for three counts of second degree burglary, which were entered pursuant to petitioner's plea of guilty in the Circuit Court of Jackson County, Missouri. Plaintiff alleges three (3) grounds for relief: (1) that the evidence was insufficient for the trial court to accept petitioner's guilty plea because the arresting officers lacked probable cause to arrest petitioner; (2) that the State failed to disclose allegedly favorable evidence to petitioner (the "dispatch recording") at the hearing on the motion to suppress prior to his guilty pleas; and (3) that guilty plea counsel was ineffective for failing to present the "dispatch recording," which allegedly indicated a lack of probable cause for arrest, at the suppression hearing.

       Respondent contends that petitioner's petition should be dismissed as untimely, and, alternatively, that petitioner's grounds are procedurally barred for failure to exhaust state remedies or that petitioner's grounds are without merit. Because this case presents an example in which "it

is considerably easier and thus more judicially efficient to affirm on the merits than to untangle the complexities of the timeliness issue," this Court will address the procedural default and/or the merits of petitioner's grounds for relief.   Jones v. Bowersox, 28 Fed. Appx. 610, 611 2002 WL 215523, **1 (8th Cir. Feb. 13, 2002).

## FACTUAL BACKGROUND

Petitioner was charged with one count of burglary in the first degree and two counts of burglary in the second degree as a persistent offender.   Resp. Ex. D, pp. 1-3.   After petitioner's arrest, his public defender filed a motion to dismiss based on the fact that petitioner was arrested in the Mexican Consulate and filed a motion to suppress evidence obtained after petitioner's arrest based on a lack of probable cause for arrest.   Resp. Ex. A, p. 1.   On March 13, 2009, both motions were denied.   Ex. 1, p. 1.

On July 27, 2009, petitioner entered a plea of guilty to three counts of burglary in the second degree under a plea agreement in which the charge of first degree burglary was reduced to second degree and a maximum sentence of nine years would be imposed.   Resp. Ex. D, pp. 11-15. On September 17, 2009, the plea court sentenced petitioner to concurrent terms of six years on each count.   Resp. Ex. D, pp. 9-10, 18.

On November 4, 2009, petitioner filed a Rule 24.035 post-conviction motion.   Resp. Ex. D, pp. 20, 22-30.   In his amended post-conviction motion, petitioner asserted that (1) plea counsel was ineffective for failing to inform him about, and introduce evidence from, the depositions of two officers present in the vicinity of his arrest whom counsel had deposed prior to the hearing on a motion to suppress and that counsel was ineffective for failing to advise petitioner about how he could challenge the denial of his motion to suppress on appeal; (2) there was no probable cause for

his arrest; and (3) the court lacked jurisdiction over the charges (because one of the counts was committed inside the Mexican Consulate).[1]   Resp. Ex. D, pp. 34-52; Resp. Ex. E.

Petitioner appealed the denial of his Rule 24.035 post-conviction motion. On post-conviction appeal, petitioner raised only one point - that defense counsel was ineffective for failing to inform him about the deposition testimony of Officers Seymour and Moutz that allegedly indicated that arresting Officer Legg lacked probable cause for petitioner's arrest, causing petitioner's guilty plea to be coerced. Resp. Ex. F.   On February 28, 2012, the Missouri Court of Appeals issued its opinion affirming the denial of post-conviction relief.   Resp. Ex. H.

## **PROCEDURAL DEFAULT**

Respondent contends that petitioner's grounds are all procedurally defaulted because petitioner could have but failed to raise the claims in the amended post-conviction motion.   Doc. No. 18, p. 10.   Despite this Court's November 19, 2013, Order directing petitioner to reply to respondent's response on or before January 17, 2014, petitioner has not filed a reply.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim."  Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996).   "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim."  Barrett v. Acevedo, 169 F.3d 1155 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999).   "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default."  Sloan at

---

[1] The Rule 24.035 motion court considered petitioner's pro se claims as well as the claim raised in the amended Rule 24.035 motion.

1381.

Although petitioner raised Ground 1 in his Rule 24.035 motion (Resp. Ex. E), he failed to raise Ground 1 on appeal from the denial of his Rule 24.035 motion (Resp. Ex. F). As such, Ground 1 is procedurally defaulted. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). Petitioner also did not raise Ground 2 in any state proceeding; therefore, Ground 2 also is procedurally defaulted. Petitioner contends that his state procedural default of Ground 2 was caused by the fact that he did not know about the recording of the dispatch until the time for appeal had passed. Doc. No. 1, p. 7. Petitioner's Ground 3 is similar to his state claim of ineffective assistance of guilty plea counsel, but is based on counsel's failure to inform him of and utilize the dispatch recording as evidence of the lack of probable cause to arrest petitioner at the motion to suppress hearing, Doc. No. 1, p. 8, rather than on counsel's alleged failure to provide petitioner with copies of police officer's deposition testimony. Resp. Ex. E and F. As such, Ground 3 is procedurally defaulted. Barrett, 169 F.3d at 1161-62 (recognizing that presenting a state claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner fails to address any cause for and actual prejudice resulting from his state procedural default of Grounds 1 and 3. As to

Ground 2, petitioner asserts that he just discovered the factual basis for Ground 2 in October 2012 as cause for the default. Doc. No. 16, p. 2. Petitioner points to a letter from the clerk of the trial court noting that the trial court does not have a copy of the dispatch recording as evidence. Doc. No. 16-1, p. 6. Petitioner, however, would have known about the failure of trial counsel to use the dispatch recordings at the time of his post-conviction motion, and he (or his post-conviction counsel) would have also known at that time whether trial counsel had received or reviewed a copy of the dispatch recordings.

Petitioner fails to show sufficient cause for or actual prejudice resulting from his state procedural default. As discussed by the state courts, petitioner's "focus on the Mexican Consulate and whether police knew a crime had been committed in that particular suite when they arrested him misses the mark." Respondent's Ex. H. p. 7. Neither Officer Seymour nor Officer Moutz were present when petitioner was arrested, and their testimony did not conflict with or weaken the testimony of the arresting Officer Legg "that he responded to a burglary in process call at the building at 1600 Baltimore and that he saw [petitioner] become startled and run when he saw the officers as he started to exit the building through the front entrance." Id. In any event, petitioner's decision to plead guilty and waive his right to appeal the denial of his motion to suppress is not cognizable under Stone v. Powell, 428 U.S. 465 (1976), and the state court plea record contains a sufficient factual basis for his pleas of guilty to the three counts of second degree burglary.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent

of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006).   As a result, Grounds 1, 2, and 3 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right."   To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong."   Tennard v. Dretke, 542 U.S. 274, 276 (2004).   Because petitioner has not met this standard, a certificate of appealability will be denied.   See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.


_/s/ Dean Whipple_____
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE


Kansas City, Missouri,

Dated: March 13, 2014.